UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DORLA LEWIS, ERNEST SIMPSON, and KELVIN GORDON,
Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE BRYANT S. BLAKE [TAX REG. #968279], and JOHN DOE AND JANE DOE #1-15 (the names John and Jane Doe being fictitious, as the true names are presently unknown),
Defendants.
-------------------------------------------------------------------X

Case No. 26 CV 1370 (ER) (JRC)

**AMENDED COMPLAINT**

JURY DEMAND

Plaintiffs, DORLA LEWIS, ERNEST SIMPSON, and KELVIN GORDON, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Bryant S. Blake [Tax Reg. #968279], and John Doe and Jane Doe #1-15 (collectively, "Defendants"), respectfully allege as follows:

NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their respective notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused.

6. This action is commenced within one year and ninety days after the happening of the event(s) upon which the claim(s) is based.

THE PARTIES

7. Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

8. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

9. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

10. Defendant Detective Bryant S. Blake [Tax Reg. #968279] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11. Defendants John Doe and Jane Doe #1-15 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Blake, and John Doe and Jane Doe #1-15 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about December 7, 2024, at approximately 5:30 a.m., defendant officers, acting in concert, illegally searched and seized and/or arrested the plaintiffs without cause at 351 Wyona Avenue, Brooklyn, New York

("premises"), and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

15. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Initially, plaintiff Lewis is the owner of the premises while plaintiffs Simpson and Gordon are lawful tenants.

17. Plaintiffs reside at the premises together with Ms. Lewis' daughter, Rashada Gordon, and Ms. Gordon's son, Rasheen Gordon.

18. The premises is a two-story family building comprising of a living room on the first floor and multiple bedrooms on the second floor and the basement.

19. Prior to the arrest, defendant officers broke down the entrance door and stormed into the premises with their weapons drawn.

20. Defendant officers also broke down and/or damaged the doors to the rooms at the premises even though the doors were unlocked at the time.

21. Upon storming into the premises, defendant officers forcibly and tightly handcuffed Ms. Lewis and sat her down on a chair.

22. Defendant officers forcibly grabbed Mr. Simpson as he was about to open his door to figure out what was going on and forcibly pulled him into the basement's hallway and slammed him against the wall causing him to sustain serious injuries in the process.

23. Defendant officers proceeded to tightly handcuff Mr. Simpson with his hands placed behind back.

24. When Mr. Simpson inquired as to the reason for his arrest, defendant officers ordered him to shut the F**k up.

25. Defendant officers ordered Mr. Simpson to remain standing against the wall even after he complained that he needed to sit down because he suffers from aneurysm and has had numerous surgeries because of his condition.

26. Mr. Simpson was forced to remain standing in his position for the several hours that defendant officers were at the premises.

27. Defendant officers also forcibly grabbed Kelvin Gordon and tightly handcuffed him with his hands placed behind his back.

28. Plaintiff Kelvin Gordon complained that the handcuffs were too tight and were causing him to experience pain and numbness.

29. Plaintiff Kelvin Gordon pleaded with defendant officers to remove or loosen the handcuffs.

30. Defendant officers refused Kelvin Gordon's entreaties to remove or loosen the handcuffs.

31. Defendant officers subjected the plaintiffs to an illegal search.

32. Defendant officers did not recover any contraband from their unlawful search of the plaintiffs.

33. Defendant officers further subjected the premises to an illegal search trashing the premises in the process.

34. Defendant officers did not recover any contraband from their unlawful search of the premises.

35. At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiffs saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

36. Defendant officers damaged several of the plaintiffs' properties including, but not limited to, television(s), the entrance door and several other doors, keys and locks, ring doorbell camera(s), and batteries.

37. Defendant officers also seized several of the plaintiffs' properties including, but not limited to, their ring doorbell camera(s) and accessories.

38. Defendant officers did not issue or provide the plaintiffs with any voucher specifying the properties seized from them with the constitutionally-required notice printed on the voucher describing how the plaintiffs could reclaim the aforementioned properties.

39. Defendant officers did not otherwise notify the plaintiffs of any procedure they could follow to reclaim or recover their properties and have refused to return many of the aforesaid properties (including, but not limited to, the ring doorbell camera(s) and accessories) to the plaintiffs.

40. After several hours at the premises, defendant officers removed the handcuffs and released the plaintiffs from their unlawful detention.

41. Prior to their departure, defendant officers handed over to Ms. Gordon a copy of a purported search warrant dated December 6, 2024, allegedly authorizing the search, seizure, and forensic examination of "the DVR and/or any video recording system from the Subject Location and the seizure and search of all files and data stored within and upon the DVR and/or any video recording system, for the Footage from the Subject Location's all interior and exterior cameras which was recorded from December 1, 2024, at 11:30 pm through December 2, 2024, at 6:00 am irrespective of how the data is filed, labeled, designated, encrypted, hidden, disguised, or otherwise stored[.]"

42. The purported search warrant describes the premises as the "Subject Location".

43. The "Footage" is described in the purported search warrant as any "security video recordings from all interior and exterior cameras" at the premises "recorded from December 1, 2024, at 11:30 pm through December 2, 2024, at 6:00 am, which are saved within and upon a DVR and/or any video recording system located inside" the premises.

44. The "Footage" is represented in the purported search warrant as, among other things, "evidence that tends to demonstrate that an offense was committed or a particular person participated in the commission of an offense, specifically, a homicide that occurred on December 2, 2024, in front of 100 Jamaica Avenue, Brooklyn, New York[.]"

45. At all times material to this Complaint, there was no functional video recording device of any kind at the premises.

46. At all times material to this Complaint, there was (and there still is) no connection between the premises and the aforesaid 100 Jamaica Avenue location.

47. At all times material to this Complaint, the aforesaid 100 Jamaica Avenue location is situated approximately 1 mile and/or approximately 10 city blocks

away from the premises making it impossible to be able to view, observe, and/or record any activity occurring at one location from the other.

48. At all times material to this Complaint, the purported search warrant did not identify any individual (including, but not limited to, the plaintiffs and/or any individual residing at the premises) as the subject of any investigations and/or crimes including, but not limited to, the homicide which allegedly occurred on December 2, 2024.

49. Nothing in the purported search warrant indicates that the plaintiffs (and/or any individual residing at the premises) were involved in any crimes including, but not limited to, the homicide which allegedly occurred on December 2, 2024.

50. The purported warrant failed to describe with particularity the place to be searched in that the premises is a two-story building with plaintiffs Simpson and Gordon renting the rooms in the basement.

51. Eventually, after detaining the plaintiffs for a lengthy period of time, defendant officers terminated the illegal search and summarily released the plaintiffs from their unlawful detention.

52. Upon information and belief, defendant officers knowingly and intentionally, or with reckless disregard for the truth, made false statements in their probable cause affidavit in support of the search warrant application or omitted material information in their said affidavit, and such false or omitted information was necessary to the finding of probable cause.

53. Each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

54. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

55. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

56. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

57. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 56 of this complaint as though fully set forth herein.

58. The conduct of defendant officers, as described herein, amounted to false arrest.

59. Such conduct violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

61. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. The conduct of defendant officers, as described herein, amounted to excessive use of force.

63. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

64. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL ENTRY - against defendant officers

65. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. The conduct of defendant officers, as described herein, amounted to unlawful entry.

67. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. Defendant officers subjected the plaintiffs and their properties to unreasonable searches & seizures.

71. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

72. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

73. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 72 of this complaint as though fully set forth herein.

74. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

75. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

76. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

77. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

78. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79. Defendant officers denied Mr. Simpson's request to sit down because of his serious medical conditions and did so because of their deliberate indifference to his need for medical treatment and/or care.

80. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

81. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

82. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

84. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

85. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8,11 & 12 - against defendants

87. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

89. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

90. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority

of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

91. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

NINTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

92. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

94. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

95. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 94 of this complaint as though fully set forth herein.

96. By reason of and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain.

97. The conduct of the defendants, as described herein, amounted to assault and battery.

98. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: TORTS (TRESPASS) - against defendants

99. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100. Defendants unlawfully entered into the premises.

101. Defendants performed an unlawful search of the premises, and subjected plaintiffs to unreasonable searches and seizures.

102. The conduct of defendants, as described herein, amounted to trespass.

103. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

104. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

106. Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the search, arrest, assault, detention and imprisonment by defendants.

107. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINISTRATIVE CODE §§ 8-802, 8-803) - against defendants

108. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 107 of this complaint as though fully set forth herein.

109. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving the plaintiffs due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

110. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
August 7, 2026

UGO UZOH, P.C.

By: Ugochukwu Uzoh

Ugochukwu Uzoh
Attorney for the Plaintiffs
56 Willoughby Street, Third Floor
Brooklyn, New York 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com